UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BANJO CORPORATION,<br><br>          Plaintiff,<br><br>          v.<br><br>GREEN LEAF, INC.,<br><br>          Defendant.<br>_____<br>GREEN LEAF, INC.,<br><br>          Counter Claimant,<br><br>          v.<br><br>BANJO CORPORATION,<br><br>          Counter Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 1:23-cv-01770-SEB-MG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Order**

Pending before the Court is Green Leaf, Inc.'s ("Green Leaf") Motion for Leave to File First Amended Answer, Affirmative Defenses, and Counterclaims. [Filing No. 67.] Further, the Court has been notified of a dispute related to the ongoing issue of scheduling various depositions. The Court finds as follows:

    **A. Motion for Leave to Amend**

Banjo Corporation ("Banjo") filed its Complaint on September 29, 2023, alleging trademark infringement under the Lanham Act. [Filing No. 1.] Green Leaf filed its Answer to Complaint, Affirmative Defenses, and Counterclaims on November 15, 2023. [Filing No. 14.] Green Leaf seeks to amend its Answer, Defenses and Counterclaim under Federal Rule of Civil Procedure 15(a)(2) to include a counterclaim against Banjo Corporation for "cyberpiracy" under

15 U.S.C. § 1125(d) due to a series of domain names discovered to be owned by Banjo that implicate trademark and product names owned by Green Leaf but redirect to Banjo's webpage. [Filing No. 67 at 2-3.] Banjo filed a response on November 13, 2024. [Filing No. 68.]

When a motion for leave to amend is filed after the relevant case management deadline, the Court is to use a "two-step process" to analyze the request. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). First, the movant must demonstrate good cause to justify modifying the scheduling order. *Id.*; Fed. R. Civ. P. 16(b)(4). Then, the Court may engage in the typical analysis, pursuant to Rule 15, for a motion for leave to amend. *Alioto*, 651 F.3d at 719. Once the Court determines that a party has established good cause to allow an amendment, it must also ensure that the amendment comports with the Federal Rule of Civil Procedure 15 standard. This is lenient standard, and an amendment will be denied only if there is undue prejudice, undue delay, bad faith, or if the amendment would be futile.

The time for amending the pleadings by February 29, 2024 has long since passed. [Filing No. 28 at 3.] Despite this eight-month delay, the question for the Court is whether Green Leaf has shown good cause for the modification of the scheduling order. Green Leaf argues it has satisfied the good cause standard, arguing it only recently discovered, on or around October 15, 2024, that Banjo owned the infringing domain names and is using them to divert consumers.

While an eight-month delay in discovering these potentially infringing domain names would likely be excusable under the lenient standard of Rule 15, the Court takes issue with Green Leaf's delay in its failure to notify the Court of the counterclaim and forthcoming motion to amend. Green Leaf made ***no attempt*** to notify the Court during the Discovery Conference on October 28, 2024, and waited until ***after*** the Court set hard and final deadlines in its subsequent Order. Such delay will not be overlooked in this instance and does not indicate

good faith. While the Court will not delve into the futility of Green Leaf's claim, it will not be prejudiced by the Court's denial of its Motion for Leave to Amend, as Green Leaf may pursue this claim in a separate action.

The Court finds Green Leaf has not shown good cause for modification of the scheduling order beyond the February 29, 2024 deadline. Discovery is nearly closed and a trial is quickly approaching. Therefore, Green Leaf's Motion for Leave to Amend, [67], is **DENIED.**

### B. Depositions, Deadlines, and Request for Court Assistance

Throughout discovery, the parties have struggled to cooperate. Their contention has even resulted in this Court ordering the parties to promptly communicate and directing counsel to copy ***all*** counsel of record on communications pertaining to discovery, pleadings, hearings, and the trial (which it seems neither side has taken to heart). [Filing No. 65 (emphasis added).]

Banjo now requests assistance from this Court in arranging for Green Leaf to comply with the October 28, 2024 Order and to cooperate in scheduling various depositions. Banjo contends that it served six deposition notices on Green Leaf on September 24, 2024, as well as a deposition on Green Leaf's former accountant, which was a portion of this Court's concern in the October 28 Order. Banjo contends that Green Leaf's counsel delayed in setting the depositions right up to the close of discovery: two depositions on December 3, one on December 6, two on December 9, and the 30(b)(6) deposition on December 10, excluding the deposition of the former Green Leaf accountant. Banjo asserts it proposed November 18, 25, or 26 as possibilities, but Green Leaf's counsel has not explained why depositions could not be conducted on those dates, or why other counsel of record could not defend any or all of these depositions. Banjo now says it requires Court assistance to arrange earlier depositions.

In response, Green Leaf says Banjo never served deposition notices for the dates of November 19-22 and raised these dates for the first time during a November 8 email exchange.

Green Leaf's counsel contends that he immediately indicated depositions could occur December 3, December 6, and December 9-12, further representing that not every deponent was available each date, so he needed to know which person Banjo wanted to depose on each day, which would be deposed via Zoom, and how long each deposition would take. Following this exchange, Green Leaf says Banjo's counsel sent a proposed schedule with dates during the week of November 18. Green Leaf argues this mid-November window for depositions was unreasonable, and at no point did the Court direct Green Leaf's counsel to clear its schedule for whatever days were suggested by Banjo. Further, Green Leaf claims that on November 11, counsel engaged in a Teams meeting where a discussion around depositions occurred, namely that the week of November 18 could not work, however all depositions would be completed before the close of discovery. Green Leaf indicates Banjo's counsel hung up, implying he was not going to talk about the matter further, and requested Green Leaf's counsel submit a schedule on the proposed depositions. On November 12, Green Leaf submitted to Banjo a proposed schedule of depositions as follows: two depositions on December 3, one on December 6, two on December 9, Green Leaf 30(b)(6) depositions on December 10, and Banjo 30 (b)(6) deposition on December 11. No response by Banjo has been filed regarding these newly proposed deposition dates.

    Banjo's central concern is that it wishes to avoid leaving depositions to the last days of the discovery period, and that with the motion to amend, failure to cooperate is another effort to delay completion of discovery. However, having denied Green Leaf's motion to amend, the parties should focus on completing the depositions and closing out liability discovery. Green Leaf is also correct in that the Court did not direct the parties to clear their schedule and await notice for whatever days worked only for one party. However, at the close of the

October 28, 2024 Discovery Conference, the Court instructed Green Leaf's counsel to prioritize these depositions or to seek assistance from his co-counsel in attending them. Though completion of depositions at the tail end of discovery is not ideal, it is also not good cause for demanding the parties rearrange their schedules when these depositions can take place before the close of discovery.

It appears to the Court the following schedule is available: two depositions on December 3, one on December 6, two on December 9, Green Leaf 30(b)(6) depositions on December 10, and Banjo 30 (b)(6) deposition on December 11. As such, the Court will not require the parties to confer on an earlier deposition schedule. However, the parties are **DIRECTED** to meet and confer **later than Monday, November 18, 2024**, regarding the duration of each deposition, and whether they will take place in person or via Zoom. The parties are directed once again to copy *__all__* counsel of record on communications pertaining to discovery, pleadings, hearings, and the trial. And should the parties not know where to find this information, the Court directs them to the top of the Docket where each party lists their counsel of record along with their email addresses.

Lastly, as noted by this Court in its October 28 Order, the Court cautioned that the parties should not anticipate any further extensions or continuances to any date or deadline given the age of the case and the upcoming trial date. [Filing No. 65.] The Court will not alter its position at this time. Should the parties find that from these depositions, extension of the discovery or any other deadline is warranted and good cause can be shown, it shall file a motion requesting an extension and explicitly detail its position for why one is warranted this late in the game.

## Conclusion

Green Leaf's Motion for Leave to Amend, [67], is **DENIED** Further, the following schedule is available for the parties to conduct various depositions: two depositions on December

3, one on December 6, two on December 9, Green Leaf 30(b)(6) depositions on December 10, and Banjo 30 (b)(6) deposition on December 11. The Court will not require the parties to confer on an earlier deposition schedule. However, the parties are DIRECTED to meet and confer **no later than Monday, November 18, 2024**, regarding the duration of each deposition, and whether they will take place in person or via Zoom.

Date: 11/14/2024

_/s/ Mario Garcia_
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**