UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BANJO CORPORATION, | ) |
|             Plaintiff, | ) |
|             v. | ) No. 1:23-cv-01770-SEB-MG |
| GREEN LEAF, INC., | ) |
|             Defendant. | ) |
| GREEN LEAF, INC., | ) |
|             Counter Claimant, | ) |
|             v. | ) |
| BANJO CORPORATION, | ) |
|             Counter Defendant. | ) |

## **ORDER**

Pending before the Court is Green Leaf's Objection and Report Regarding Discovery, [Filing No. 103], and Banjo's Motion to Quash Deposition, [Filing No. 104.]

On February 3, 2025, the Court conducted a conference to discuss the summary judgment briefing schedule and discussed outstanding discovery disputes. Of these disputes, the Court heard argument on the issue of Banjo's request for records relating to sales of component parts connected with yellow handled values, as well as whether Green Leaf can take Mr. Moskin's (Banjo's counsel) deposition. The Court issued an order directing Green Leaf to respond to Banjo (by February 6, 2025) as to the timeline and ability for Green Leaf to supplement its production with regards to the supplemental list provided by Banjo on January 24th and January 30th. [Filing No. 102]. The Court also directed the parties to meet and confer regarding whether the information contained in

1

the evidence designated by Mr. Moskin, namely a sworn declaration and letter exhibit, can be substituted in a way that alleviates Green Leaf's need to take Mr. Moskin's deposition. Banjo was to submit a proposal by February 5, 2025, and the parties were to meet and confer by February 7, 2025.

The parties filed respective responses, and Banjo filed a reply in support of its Motion to Quash. The Court, having been informed of the parties' efforts, rules as follows.

1.  **Green Leaf's Objection and Report Regarding Discovery, [Filing No. 103]**

On February 7, 2025, Green Leaf filed its Objection and Report Regarding Discovery, [Filing No. 103], in which it requests relief from having to supplement its production. Among its arguments, Green Leaf states that: (1) the list provided by Banjo was created solely by Banjo, (2) the list relates to approximately 375 parts rather than 130, (3) Banjo had its opportunity to request production or interrogatories regarding specific items, to the extent they were sent by Teko Goda by email, (4) requiring discovery responses six weeks after the close of discovery is unfair and prejudicial, and (5) due to Banjo declaring its Expert Report "Attorneys' Eyes Only," this discovery would be more abusive towards Green Leaf as it cannot defend the claims made.

Banjo has since filed a response to Green Leaf's Opposition. Banjo contends that Green Leaf raised its objections concerning this discovery request and the history of the dispute at the February 3, 2025 conference. [Filing No. 105.] Banjo argues that Green Leaf appears to be seeking reconsideration of the Court's order, alleging misrepresentations by Banjo about the number of parts it seeks information on, and the creation of the January 24th and 30th attachment in question. Lastly, Banjo says that Green Leaf does not represent any material burden in collecting information on these parts, conceding that if the objection is denied, it will attempt to create this information by February 13, 2025. Moreover, Banjo says that after Green Leaf advised Banjo's counsel on

February 7th that Green Leaf would produce an updated report on February 13th, Green Leaf then filed this objection.

While Green Leaf disputes whether it should even respond to this request because discovery closed on December 11, 2024, the Court has taken up the issue of Banjo's Request for Production No. 50 on several occasions. At the February 3, 2025, conference, the Court carved out a path for the parties to procced: meet and confer regarding the ability and timeline of Green Leaf to produce the responsive documents. Green Leaf has represented it is able to reply to Banjo's request and could attempt to create this information by February 13, 2025. As such, the Court **DENIES** Green Leaf's Objection, [103].

Green Leaf shall have **up to and including February 17, 2025** to provide the supplemental production. This issue will not be taken up again and this is the final production that the Court will allow based on RFP 50.

    2.    **Banjo's Motion to Quash Deposition, [Filing No. 104]**

Banjo has moved to quash Mr. Moskin's Deposition. Banjo contends that on February 5, 2025, it sent alternatives to the sworn statements and exhibits presented through Mr. Moskin's declaration, but prior to receiving the proposal, Green Leaf served a notice of deposition for Mr. Moskin set for February 10, 2025. Banjo contends that on February 6, 2025, Green Leaf responded to Banjo's proposal, rejecting it and insisting on taking the deposition. Banjo represents that while the parties met and conferred on February 7, 2025, Green Leaf did not provide explanation for why the proposed alternatives were not acceptable and simply rejected all of Banjo's proposals (including withdrawal of the declaration) outright.

Green Leaf filed a response to the Motion to Quash. [Filing No. 106]. Green Leaf argues against the motion but does not address the alternatives discussed at the meet and confer.

3

Banjo's insinuation that Green Leaf improperly noticed the deposition prior to meeting and conferring is not well founded. During the February 3, 2025 conference, the Court *and the parties* agreed that, in order to keep the case moving forward, they were to meet and confer regarding possible alternatives, but this would not stop Green Leaf from noticing the deposition and Banjo from filing a motion to quash/protective order. The Court put the parties on notice that it would take up any motions filed in due course. Banjo has so filed, and its Motion to Quash, [104] is **DENIED without prejudice** for the reasons outlined below.

Banjo contends that under *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), Mr. Moskin should not be deposed. Banjo argues Green Leaf cannot overcome the first *Shelton* element, which requires the party seeking the attorney deposition show that "no other means exist to obtain the information other than to depose opposing counsel." Banjo argues it has "identified simple alternative means to introduce the evidence that has been proffered through Mr. Moskin's declaration" that would render his deposition unnecessary. [Filing No. 104 at 3].

This district has not formally adopted the *Shelton* analysis.[1] *See Cook Inc. v. C.R. Bard, Inc.*, 2003 WL 23009047 (S.D. Ind. Sept 18, 2003); *Phillips v. Indiana Life Ins. Co.*, 2009 WL 1564384 (S.D. Ind. June 3, 2009); *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2015 WL 3631692 (S.D. Ind. June 10, 2015); *United States ex rel. Fischer v. Community Health Network, Inc.*, 2023 WL 4577673 (S.D. Ind. June 27, 2023). At this time, the Court declines to apply or adopt *Shelton* because it can plainly see the declaration—as it stands—contains

---

[1] It bears noting that Courts have emphasized *Shelton* "was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy" and against forcing counsel to sit for frivolous depositions. *See Cook*, 2003 WL 23009047 (citing *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir.2002)). An unclean hands argument, based at least in part by Mr. Moskin's sworn statements and letter exhibit regarding how opposing counsel has handled discovery, is not the subject of a frivolous deposition.

substantive testimony in support of summary judgment. Banjo submitted evidence supporting its unclean hands argument—Mr. Moskin's Declaration, [Filing No. 86-12] and Exhibit B, [Filing No. 86-14]—that is part of the record and a substantive part of Banjo's summary judgment briefing.[2] The Court believes Mr. Moskin's limited deposition is justified.

Although Banjo proposed its alternatives to Green Leaf, Banjo has yet to move to formally move to replace or withdraw its relevant designated evidence and briefing. The Court will not force Green Leaf to informally accept Banjo's proposed alternatives. Should Banjo file a motion to withdraw or substitute designations as well as relevant summary judgment materials the Court will reevaluate the properness of Mr. Moskin's deposition on a renewed motion to quash (filed after a new notice of deposition detailed in the below instructions).[3]

To preserve the parties' efforts and judicial economy, Banjo should take care to really think about whether any substitutions leave substantive testimony untouched that may the subject of a limited deposition. Conversely, Green Leaf has represented it will seek Mr. Moskin's deposition even if Banjo withdraws his designation. Deposition of trial counsel is an extraordinary step and if the materials are withdrawn the Court would not resolve summary judgment by taking into consideration or reviewing materials that have been withdrawn. Consequently, withdrawal removes any potential poison from the well.

---

[2] Within Mr. Moskin's designation, [Filing No. 86-12 at ¶6], he confuses the issue by improperly citing to "Exhibit 2A" as a letter dated "November 28, 2024." It appears "Exhibit 2A" is actually designated "Exhibit B," [Filing No. 86-14], and is a letter dated "December 18, 2024."

[3] The Court does not discuss the issue of the wayback machine referenced in Mr. Moskin's declaration, [Filing No. 86-12 at ¶4], because it believes that the sole issue of authentication of Exhibit A, [Filing No. 86-13], as a "true and accurate copy" by Mr. Moskin or by a non-lawyer would be proper.

5

The Court is unlikely to allow any such effort and disagrees with Green Leaf's argument that even if the materials are withdrawn, the well is poisoned. Finally, the Court notes and shares in Banjo's frustration with extending the summary judgment deadline, but Banjo has contributed in part to this delay and the Court is past that point. [Filing No. 108 at 2-3.] Trial has been vacated, and the Court disagrees that Green Leaf's notice to take Mr. Moskin's deposition is a groundless effort to delay. **After this issue is settled, the parties should anticipate the parties should anticipate NO further extensions.**

For the foregoing reasons, Banjo's Motion to Quash, [104], is **DENIED without prejudice**. The parties should take note of the following deadlines:

- Banjo shall have **up to and including February 17, 2025** to file any motion to withdraw or substitute designations and re-file summary judgment materials and appendix accordingly.

- Green Leaf may then file an amended notice of deposition if there is a basis for doing so based on substitutions on **February 21, 2025**. This deposition should be scheduled **no earlier than March 10, 2025**. Mr. Moskin's deposition shall be conducted via remote means and shall be limited to the topics contained in the designation. Counsel for Green Leaf should make every effort to keep the questioning as short and focused as possible. When the parties reach a deposition time and date, they should notify the Court, which will try to make itself available via phone to address any issues that arise.

- Banjo shall then have **up to and including February 26, 2025** to file a renewed Motion to Quash. The motion should address why the proposed changes alleviate the need to depose Mr. Moskin, especially in relation to the unclean hands briefing.

- Green Leaf's response is due **3 days following Banjo's Renewed Motion to Quash.**

- Any reply is due **1 day after Green Leaf's response.**

Finally, the Summary Judgment briefing is **STAYED** pending the resolution of this issue. The Court will issue an amended briefing schedule at a later date depending on if or when the deposition of Mr. Moskin takes place.

Date: 2/12/2025

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record.</u>**